UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.: CV 14-00297-BRO (MAN)            Date: March 14, 2014

Title:    Dwayne E. Cooke v. E. Valenzuela
==========================================================================
DOCKET ENTRY:      ORDER TO SHOW CAUSE RE: DISMISSAL
==========================================================================
PRESENT:

           Hon. Margaret A. Nagle, United States Magistrate Judge

           Earlene Carson                     N/A
           Deputy Clerk                       Court Reporter/Tape No.

   ATTORNEYS PRESENT FOR PETITIONER:        ATTORNEYS PRESENT FOR RESPONDENTS:

     N/A                                        N/A

**PROCEEDINGS (In Chambers):**

On January 16, 2014, the Court issued an Order regarding Petitioner's failure to sign and verify the 28 U.S.C. § 2254 habeas petition filed in this action on January 14, 2014 ("Petition"). The Order stated:

> In violation of 28 U.S.C. § 2242 and Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts, the Petition is not signed and is not verified (*see* Petition p. 8). As a result, this action cannot go forward.
>
> The failure to sign and verify the Petition is a defect that can be corrected. Accordingly, **by no later than February 20, 2014,** Petitioner is directed to file and serve a signed verification to the Petition that complies with 28 U.S.C. § 2242 and Rule 2(c)(5).[1] If Petitioner complies with this Order, then the Petition will be served upon Respondent, who will be directed to file and serve a Response to the Petition. If Petitioner does not comply with this Order, the Court will recommend that this

---

[1] Petitioner may simply submit a one-page document, bearing a case caption and case number and the title "Petition Verification," which: states "I declare under penalty of perjury that the matters set forth in the habeas petition filed in this action on January 14, 2014, are true and correct"; and is signed and dated by Petitioner.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  CV 14-00297-BRO (MAN)                                                         Date: March 14, 2014

action be dismissed without prejudice.

It is now 22 days past the deadline established by the above-quoted January 16 Order, and Petitioner has not filed the required signature and verification.  It is unclear to the Court why Petitioner did not sign and verify the Petition in the first instance and why he has failed to do so after being warned that dismissal would be recommended if he failed to file a signed verification. In addition to violating 28 U.S.C. § 2242 and Rule 2(c)(5), Petitioner's failure to sign and verify the Petition violates Rule 11(a) of the Federal Rules of Civil Procedure, which provides that every pleading must be signed by a party personally if he is representing himself, as is the case here. Moreover, Rule 11(a) obligates federal courts to strike unsigned pleadings, such as the Petition, by directing that:  "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."

The Court will afford Petitioner one *final* chance to avoid having the Petition dismissed.  **By no later than April 16, 2014**, Petitioner must submit to the Court a signature and verification for the Petition.  The Clerk is directed to send to Petitioner, with this Order, a blank CV-69 habeas petition form.  Petitioner should sign Page 8 of that form at both the signature line and the verification line, and then must return the signed Page 8 promptly to the Court.  If he does, the Court will issue an Order directing that the Page 8 signature/verification be filed and that the Petition is deemed to be signed and verified.  If Petitioner does not comply with this Order by the April 16, 2014 deadline, the Court will promptly recommend that this action be summarily dismissed.

IT IS SO ORDERED.